**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 10-4980**

───────────

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

    v.

ROBERT ISAAC NELSON,

            Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of South Carolina, at Charleston. David C. Norton, Chief District Judge. (2:09-cr-00295-DCN-2)

───────────

Submitted: May 5, 2011          Decided: June 2, 2011

───────────

Before KEENAN and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

James A. Brown, Jr., JAMES A. BROWN, JR., P.A., Beaufort, South Carolina, for Appellant. Alston Calhoun Badger, Jr., Assistant United States Attorney, Charleston, South Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Isaac Nelson pled guilty pursuant to a plea agreement to one count of bank robbery and aiding and abetting such conduct, in violation of 18 U.S.C. §§ 2113(a), (d), 2 (2006), and one count of knowingly using and carrying a firearm during and in relation to a crime of violence and aiding and abetting such conduct in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii), 2 (2006). After being found a career offender, see U.S. Sentencing Guidelines Manual § 4B1.1 (2009), the sentencing court granted the Government's motion for a downward departure pursuant to USSG 5K1.2 and sentenced Nelson far below the Guidelines range of imprisonment. Nelson's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there were no meritorious arguments for appeal, but raising for the court's consideration, the career offender status imposed on Nelson. Nelson filed a pro se supplemental brief also challenging the career offender designation. The Government did not file a brief. After reviewing the record, we affirm.

Under the Guidelines, Nelson is a career offender if:

(1) [he] was at least eighteen years old at the time [he] committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) [he] has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

2

See USSG § 4B1.1(a).  As is relevant here, a "crime of violence" is any offense under state or federal law that is punishable by a term of imprisonment exceeding one year and has as an element the use, attempted use or threatened use of force against another or burglary of a dwelling.  See USSG § 4B1.2(a).  A "controlled substance offense" is any offense under federal or state law, punishable by a term exceeding one year, that prohibits the manufacture, import, export, distribution or dispensing of a controlled substance or possession with the intent to manufacture, import, export, distribute or dispense.  See USSG § 4B1.2(b).

> In order to qualify as a predicate conviction:
>
> The term "two prior felony convictions" means (1) the defendant committed the instant offense of conviction subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense (i.e., two felony convictions of a crime of violence, two felony convictions of a controlled substance offense, or one felony conviction of a crime of violence and one felony conviction of a controlled substance offense), and (2) the sentences for at least two of the aforementioned felony convictions are counted separately under the provisions of § 4A1.1(a), (b), or (c).  The date that a defendant sustained a conviction shall be the date that the guilt of the defendant has been established, whether by guilty plea, trial, or plea of nolo contendere.

See USSG § 4B1.2(c).

A prior felony conviction is an adult conviction punishable by death or imprisonment of a term exceeding one

3

year. An offense committed prior to age eighteen is an adult conviction if it is classified as an adult conviction under the laws of the jurisdiction in which the defendant was sentenced. See USSG § 4B1.2 (comment. n.1). "Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest." See USSG § 4A1.2(a)(2).

In this case, the record is quite clear that Nelson had the necessary two predicate convictions to be considered a career offender under the Guidelines. Nelson's career offender status was based convictions for burglary, armed robbery and assault and battery with intent to kill that he received in 1996 and convictions for two counts of 2nd degree burglary and four counts of possession with intent to distribute cocaine or crack cocaine that he received in 2004. Although he was sentenced on the same day for the burglary convictions and the drug convictions, the sentences were counted separately because those offenses were separated by an intervening arrest. See USSG § 4A1.2(a)(2).

We also conclude there was no procedural or substantive error at sentencing. The district court used the properly calculated Guidelines range of imprisonment, considered the 18 U.S.C. § 3553(a) (2006) sentencing factors and the Government's motion for a downward departure.

4

Finally, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm Nelson's convictions and sentence. This court requires counsel to inform Nelson, in writing, of the right to petition the Supreme Court of the United States for further review. If he requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Nelson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED